```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x
In re:                           :

BESS EATON DONUT FLOUR           :        BK No. 04-10630
COMPANY, INC.                             Chapter 11
            Debtor               :


- - - - - - - - - - - - - - - - -x
In re:                           :

LOUIS A. GENCARELLI, SR.         :        BK No. 04-10682
            Debtor                        Chapter 11


- - - - - - - - - - - - - - - - -x
```

## ORDER OVERRULING CREDITORS' OBJECTION TO DEBTORS' REQUEST FOR AN ORDER ALLOWING CLAIMS AND AUTHORIZING DISTRIBUTION TO CREDITORS

Heard on the Debtors' First Application for Allowance of Claims and Distribution to Creditors, and the Limited Objection of unsecured creditors 1800 Smith Street Associates and 1500 Mineral Spring Associates, LP (the Objectors). The Debtors wish to disburse in excess of $12 million plus 6% interest to unsecured and undisputed creditors. The Debtors are also prepared to place $3.3 million in escrow to cover disputed claims, and on top of that they estimate a surplus $5.0 to $8.5 million after paying all claims and expenses in full, plus interest.

The Objectors argue that disbursement should not be made at this time but should be delayed until their claims have been litigated and/or resolved, thereby *guaranteeing* that they will

BK No. 04-10630; BK No. 04-10682

not be the victims of a shortfall when all is said and done. The Objectors profess concern that the escrow is insufficient and that the projected $5 to $8 million dollar surplus "may not materialize."

As for the plan to escrow $850,000 for disputed claims in the amount of approximately $843,000, the Objectors argue that said amount does not provide a sufficient cushion for litigation expense and interest to which they may be entitled at the end of the day. The Objectors cannot quantify a number, they are hard pressed to show how it would even begin to approach $5.0 million, and their demand, frankly, is overkill.

In light of what I consider to be a good faith and well substantiated projected cash surplus in this case, there is no reason to delay the payment of $12,000,000 to creditors now. To do so would cause the Debtors to incur interest on undisputed claims at 6%, while the Objectors' claims are being litigated.[1] No other disputed creditor has complained about the proposed escrow for their claim or the Debtors' projections, and the

---

[1] As part of this distribution, the Debtors propose to pay in excess of $8.5 million to unsecured creditors. If interest were to accrue at 6% on these undisputed claims, that will cost the estate an additional $1,410 per day. Given the parties' mutual vow to pursue this claim litigation to the bitter end, it could take months or years to resolve.

2

BK No. 04-10630; BK No. 04-10682

proposed distribution is strongly supported by the Creditors' Committee. Because the economics and the equities of the situation weigh so heavily in favor of distribution now, the Limited Objections of 1800 Smith Street Associates and 1500 Mineral Spring Associates, LP are OVERRULED. As additional (but very likely unnecessary) protection for the Objectors and other disputed creditors, all cash surpluses shall be held in escrow by Debtors' counsel until further order.

Enter judgment consistent with this order.

Dated at Providence, Rhode Island, this    23rd    day of July, 2004.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on Docket: 7/23/04

Judgment#:1:04-bk-10630-585-468

3